UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERMAN VAZQUEZ,

          Petitioner,

   v.

DEREK SANDERS,

          Respondent.

CASE NO. 3:25-cv-06131-BJR-DWC

ORDER TO SHOW CAUSE OR AMEND

The District Court has referred this action to United States Magistrate Judge David W. Christel. On December 15, 2025, Petitioner German Vazquez, a pre-trial detainee housed at Thurston County Corrections Facility, filed a proposed federal habeas Petition ("Petition") under 28 U.S.C. § 2241. Dkt. 1-2. The Court has reviewed the Petition and concludes it is unexhausted. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by **February 11, 2026**.

**I.   Background**

In the Petition, Petitioner contends that he is being held on excessive bail and has not been released on personal recognizance. Dkt. 1-2 at 6-7.

II. Discussion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971). Petitioner fails to show he exhausted state court remedies by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances warrant federal intervention in this case. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

III. Instructions to Petitioner and Clerk

If Petitioner intends to pursue this § 2241 habeas action, he must file a response to this Order and an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by

ORDER TO SHOW CAUSE OR AMEND - 2

reference. The amended petition will act as a complete substitute for the Petition, and not as a supplement.

If Petitioner fails to adequately address the issues raised herein or file an amended pleading on or before **February 11, 2026**, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and forms for filing a civil rights complaint.

Dated this 12th day of January, 2026.

*[signature]*

David W. Christel
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND - 3