UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERMAN VAZQUEZ,

                Petitioner,

   v.

DEREK SANDERS, et al.,

                Respondents.

CASE NO. 3:25-CV-6131-BJR-DWC

ORDER DENYING MOTION FOR COUNSEL

This federal habeas action filed pursuant to 28 U.S.C. § 2241 has been referred to United States Magistrate Judge David W. Christel. Before the Court is Petitioner German Vazquez's Motion for Appointment of Counsel. Dkt. 16. For the reasons that follow, the Motion is denied.

There is no right to appointed counsel in federal habeas corpus proceedings unless an evidentiary hearing is required or such an appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing

Section 2254 Cases in the United States District Courts 6(a) and 8(c) (Habeas Rules).[1] The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

In this case, the Court recently ordered service of the Amended Petition and is awaiting an answer from Respondents addressing the merits of the Petition and the propriety of an evidentiary hearing in this case. *See* Dkt. 19 (ordering that Respondents must file an answer on or before April 13, 2026). Given the early stage of these proceedings, the Court has not determined an evidentiary hearing is required. *See* Habeas Rules 6(a) and 8(c). Therefore, the Court does not find appointment of counsel is necessary to effectively utilize discovery at this time. Moreover, Petitioner effectively articulated his grounds for relief raised in the Amended Petition, the grounds are not factually or legally complex, and Petitioner has not shown he is likely to succeed on the merits of this case. Thus, Petitioner has not shown the interests of justice require the Court to appoint counsel at this time.

As Petitioner has not shown appointment of counsel is appropriate, the Motion to Appoint Counsel (Dkt. 16) is denied without prejudice.

Dated this 4th day of March, 2026.

David W. Christel
United States Magistrate Judge

---

[1] Under Rule 1(b), the Habeas Rules apply to cases filed pursuant to 28 U.S.C. § 2241.

ORDER DENYING MOTION FOR COUNSEL - 2