UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GERMAN VAZQUEZ,

                       Petitioner,

      v.

DEREK SANDERS, et al.,

                    Respondents.

CASE NO. 3:25-CV-6131-BJR-DWC

REPORT AND RECOMMENDATION

Noting Date: **July 2, 2026**

This federal habeas action filed pursuant to 28 U.S.C. § 2241 has been referred to United States Magistrate Judge David W. Christel. Before the Court is Petitioner German Vasquez's amended petition (Dkt. 15) seeking federal habeas relief from his pretrial detention pending state criminal proceedings and several motions filed by him. Dkts. 30, 31, 37, 38, 43, 44, and 45.

For the reasons that follow, the undersigned recommends the amended petition (Dkt. 15) be denied for failure to exhaust available state court remedies and that this action be dismissed without prejudice. It is further recommended that Petitioner's various motions (Dkts. 30, 31, 37, 38, 43, 44, and 45) be denied.

REPORT AND RECOMMENDATION - 1

## I.    Background

Petitioner is a pretrial detainee currently confined at the Thurston County Jail pursuant to ongoing criminal proceedings in the Superior Court of Washington for Thurston County ("trial court"). Petitioner initiated this action *pro se* on December 15, 2025, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued pretrial detention. Dkt. 1. Then, on February 18, 2026, Petitioner filed an amended petition, which is now the operative pleading. Dkt. 15.

In the amended petition, Petitioner asserts four grounds for relief. First, Petitioner alleges that his continued detention violates the Eighth Amendment because the trial court imposed excessive bail. Dkt. 15 at 6. Second, Petitioner alleges a violation of the Fourteenth Amendment concerning a no-contact order allegedly related to his underlying criminal proceedings. *Id.* Third, Petitioner alleges a violation of the Sixth Amendment, contending that certain trial-court rulings have impaired his ability to present evidence and confront the alleged victim at trial. *Id*. Fourth, Petitioner alleges that continuances granted by the trial court over his objection have violated his constitutional right to a speedy trial. *Id*. at 7. As relief, Petitioner seeks immediate release without any bond requirement and dismissal of all pending criminal charges. *Id.*

On February 25, 2026, the Court entered an amended order for service directing Respondents to file a return within forty-five days after service of the amended petition. Dkt. 19. Respondents thereafter filed a return and memorandum in response to the amended petition on April 20, 2026. Dkt. 35. Two days later, Respondents filed a declaration and supporting evidence demonstrating service of the amended petition occurred on March 5, 2026. Dkt. 40; Dkt. 40-1. Petitioner did not file a response within 21 days of the return being filed. *See* Dkt. 19 at 2.

REPORT AND RECOMMENDATION - 2

Petitioner did, however, file several motions pertaining to the timeliness of Respondents' return. *See* Dkts. 43, 45. Indeed, the procedural history in this case is lengthy due to the numerous motions Petitioner filed while briefing on the amended petition was ongoing and pending consideration by the Court.

First, on April 8, 2026, Petitioner filed a motion for preliminary injunction and a motion to address bond. Dkts. 30, 31. The Court reviewed and re-noted those motions for consideration on the same date as the amended petition and directed Respondents to file any response no later than May 12, 2026, with Petitioner permitted to reply no later than May 19, 2026. Dkt. 36. Respondents filed a timely response to both motions on May 12, 2026. Dkt. 42. And Petitioner filed a timely reply in support of these motions. Dkt. 46; *see also* Dkt. 47 (declaration asserting his reply was delivered to jail officials for mailing on May 14, 2026).

Next, on April 21, 2026, Petitioner filed a motion styled as a motion for temporary restraining order ("TRO") relating to the merits of his claims for habeas relief and a motion for default judgment relating to the alleged untimeliness of Respondents' return. Dkts. 37, 38. By minute order issued on May 1, 2026, United States District Judge Barbara J. Rothstein concluded that the first of these filings did not present a true request for a TRO and referred the motion to the undersigned for further proceedings. Dkt. 39. Thereafter, the Court determined that Petitioner's new motions also substantially overlapped with disposition of the amended petition and re-noted those motions for consideration on the same date as the amended petition and Petitioner's other pending motions. Dkt. 41.

Then, on May 18, 2026, Petitioner filed a motion to strike Respondents' return and their subsequent declaration, asserting that the return was untimely. Dkt. 43. Petitioner also filed a motion for sanctions based upon his contention that Respondents acted in bad faith by

representing that their return was timely. Dkt. 45. Respondents filed responses to Petitioner's motions to strike and for sanctions. Dkts. 48, 49.

Finally, Petitioner filed a motion for reconsideration asking that the Court consider "emergency motion for relief arguments when a determination to grant or deny preliminary injunction is made." Dkt. 44.[1]

The Court has not received further response or replies for the matters addressed above. *See docket.* Nevertheless, as the deadlines to submit timely briefing on the amended petition have elapsed and disposition of that matter provides grounds for disposition of Petitioner's several other pending motions, the Court enters this recommendation without requiring further responses and replies from the parties.

**II.      Petitioner's Motions Related to Timeliness of the Return (Dkts. 38, 43, 45)**

Before addressing the merits of Petitioner's amended petition, the Court first addresses Petitioner's motions asserting that Respondents failed to file a timely return and seeking various forms of relief on that basis. Specifically, Petitioner seeks default judgment, requests that Respondents' return and declaration regarding the filing of their return be stricken, and seeks sanctions based upon his contention that Respondents falsely represented that their return was timely filed. Dkts. 38, 43, 45.

The record does not support Petitioner's premise that the return was untimely. Explained further, the Court entered an amended order for service directing Respondents to file a return not later than forty-five days after service of the amended petition. Dkt. 19. Respondents filed their return on April 20, 2026, Dkt. 35, and subsequently filed a declaration and supporting exhibits

---

[1] While unclear, it appears Petitioner may be attempting to raise objections to an Order entered by the undersigned on March 23, 2026. *See* Dkt. 28 (declining to consider merits of the case before Respondents filed an answer to the amended petition and denying emergency motion for relief). Petitioner may also be attempting to supplement his motion for preliminary injunction. Dkt. 30.

demonstrating that service of the amended petition occurred on March 5, 2026. Dkt. 40; Dkt. 40-1. Forty-five days from March 5, 2026, fell on Sunday, April 19, 2026. Thus, under the Federal Rules of Civil Procedure, Respondents' return was due the next day on Monday, April 20, 2026. Fed. R. Civ. P. 6(a)(1)(C) (when the last day of a filing period falls on a weekend or holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday"). Therefore, the return is timely. Dkt. 35.

Petitioner contends that service of his amended petition must have occurred on a date earlier than March 5, 2026, and, on that basis, argues that Respondents' return was untimely. Dkt. 43. Petitioner, however, provides no competent evidence supporting this contention. *Id.*

Because Respondents filed their return in accordance with the filing deadlines, Petitioner's request for default judgment lacks merit. *See* Dkt. 38. Likewise, there is no basis to strike Respondents' return and declaration regarding the filing of their return or to impose sanctions. *See* Dkts. 43, 45. Moreover, even assuming Respondents' return had been filed a few days late, this brief delay would not entitle Petitioner to the extraordinary relief he seeks. *See Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981) (explaining that default judgment in habeas proceedings is an "especially rare" and "extreme" remedy that may be warranted "[w]here the respondent is guilty of long and inadequately explained delays").

Accordingly, the Court recommends that Petitioner's motion for default judgment (Dkt. 38), motion to strike (Dkt. 43), and motion for sanctions (Dkt. 45) be denied.

**III.    Amended Petition for Writ of Habeas Corpus (Dkt. 15)**

Petitioner alleges four grounds for relief in his amended petition, including an excessive bail claim (ground one), an equal protection claim (ground two), a sixth amendment claim

REPORT AND RECOMMENDATION - 5

(ground three), and a speedy trial claim (ground four). Dkt. 15 at 6–7. In support, Petitioner also submits various orders and records pertaining to his ongoing state court prosecution. *Id.* at 9–12.

In their return, Respondents argue that each ground should be dismissed for failure to exhaust state court remedies. Dkt. 35 at 2–7. In support, Respondents submit relevant records from Petitioner's trial-court proceedings. Dkts. 35-1 through 35-13. Respondents also submit that no appellate court documents have been filed regarding Petitioner's claims, which is consistent with Petitioner's representations in the amended petition. Dkt. 35 at 2; Dkt. 15 at 2–5 (answering that earlier challenges were raised in the trial court only).

### A.      Habeas Standard and Prudential Exhaustion

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his Petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claim will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

REPORT AND RECOMMENDATION - 6

complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). For this prudential limit on § 2241 petitions, the necessity of exhaustion is governed by sound judicial discretion. *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992), *superseded by statutory amendment as noted in Booth v. Churne*r, 532 U.S. 731, 738 (2001). Nevertheless, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35–36, n.5 (2006). Indeed, the Ninth Circuit Court of Appeals has held exhaustion by pretrial detainees is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. State of Mont.*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973) (holding that pretrial detainee in state custody must exhaust available state court remedies for federal court to consider detainee's constitutional claims).

For those in state custody, a claim will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

REPORT AND RECOMMENDATION - 7

**B.      Excessive Bail Claim (Ground One)**

In his first ground for relief, Petitioner contends that his continued detention violates the Eighth Amendment because the bail imposed by the trial court is excessive. Dkt. 15 at 6.

Washington law provides procedures through which a pretrial detainee may seek appellate review of allegedly unlawful pretrial detention and release conditions, including by seeking discretionary appellate review of a trial court's detention orders and on direct appeal. *See, e.g.*, *State v. Barton*, 181 Wash. 2d 148, 152 (2014) (performing discretionary review of trial court's bond decision as a final appealable order); *State v. Ingram*, 9 Wash. App. 2d 482, 489, 447 P.3d 192, 196 (2019) (addressing excessive bond claim on direct appeal, noting the continuing and substantial public interest in resolution of the claim overcame mootness).

Although the record reflects that Petitioner has sought modification of his conditions of release in the trial court, there is no evidence or allegation demonstrating that he sought further review in the Washington appellate courts. *See* Dkt. 15 at 2–5. Following Petitioner's preliminary appearance on November 21, 2025, the trial court set bail at $20,000. Dkt. 35-1; Dkt. 35-4. Thereafter, Petitioner's counsel filed multiple motions seeking modification of Petitioner's release conditions. *See* Dkt. 35-6; Dkt. 35-7; Dkt. 35-8; Dkt. 35-9. The first two motions were denied without prejudice, and the second two motions resulted in bond reductions. Dkt. 35-6; Dkt. 35-7. Specifically, on January 6, 2026, the trial court reduced Petitioner's bail from $20,000 to $10,000. Dkt. 35-8. And on February 3, 2026, the trial court further reduced Petitioner's bail to $5,000. Dkt. 35-9.

These efforts demonstrate that Petitioner challenged the amount of bail in the trial court. They do not, however, reflect efforts to seek discretionary review or otherwise invoke available state appellate procedures to challenge the legality or constitutionality of the trial court's bail

REPORT AND RECOMMENDATION - 8

determinations. Petitioner has not demonstrated that he pursued either avenue before filing this federal habeas action and, instead, identifies only challenges to bond that were raised in the trial court. Dkt. 15 at 2–5. As such, Petitioner has not provided the state courts with a full opportunity to review his excessive-bail claim. Nor has he shown that such avenues for relief are unavailable to him or demonstrated other special circumstances warranting federal review at this time.

Because Petitioner has not shown that he exhausted available state remedies with respect to his excessive-bail claim, this first ground of the amended petition should be dismissed without prejudice for failure to exhaust available state remedies.

**C.      Equal Protection Claim (Ground Two)**

In his second ground for relief, Petitioner contends that his Fourteenth Amendment rights were violated in connection with a protection order underlying his pending state criminal proceedings. Dkt. 15 at 6.

As Respondents note, Petitioner's equal protection claim concerns factual disputes relating to the pending state criminal charges and the evidence supporting those charges. Dkt. 35 at 4–5; Dkt. 35-2. In other words, the issues identified by Petitioner remain the subject of ongoing criminal proceedings and have not yet been resolved through a final determination. Petitioner retains the ability to challenge the legality and admissibility of evidence, contest the factual basis for the charges, and otherwise present his arguments to the trial court. Petitioner would then be permitted to challenge adverse rulings by the trial court concerning those matters through available state appellate procedures. *See State v. Cushing*, 68 Wash. App. 388, 395 n.6 (1993) (addressing equal protection claim on direct appeal of conviction). Petitioner did avail himself of those opportunities for review before initiating these federal habeas proceedings, and he has not provided the state courts with a full opportunity to review his equal protection claim.

REPORT AND RECOMMENDATION - 9

*See* Dkt. 15 at 2–5. Further, Petitioner has not shown state court review is unavailable to him, nor has he shown special circumstances warranting federal review of his equal protection claim at this time.

Accordingly, ground two of his amended petition should be dismissed without prejudice for failure to exhaust available state remedies.

**D.      Sixth Amendment Claim (Ground Three)**

In his third ground for relief, Petitioner contends that his sixth amendment rights have been violated because he has been prevented from presenting evidence on his behalf and from confronting the alleged victim in the pending criminal proceedings. Dkt. 15 at 6.

Petitioner's criminal case remains pending in the trial court, and trial proceedings have not commenced.[2] *See docket.* The factual and legal issues underlying Petitioner's Sixth Amendment claim thus remain unresolved. Petitioner retains the ability to present motions, seek evidentiary rulings, and raise objections concerning the presentation of evidence and the testimony of witnesses prior to and during the course of trial. Any rulings by the trial court concerning those matters would be subject to review through established estate court appellate procedures. *See State v. Jennings*, 199 Wash. 2d 53, 58 (2022) (performing discretionary review following direct appeal challenging trial court's evidentiary rulings and alleging sixth amendment violations).

The record does not identify any trial-court ruling restricting Petitioner's ability to present evidence or confront witnesses. Nor does the record demonstrate that Petitioner sought relief concerning these alleged constitutional violations through a motion in the trial court,

---

[2] The Court takes judicial notice of the trial court's publicly available docket which reflect that a jury trial is currently scheduled for July 6, 2026. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

REPORT AND RECOMMENDATION - 10

discretionary appellate review, a personal restraint petition, or any other available state procedure. *See* Dkt. 15 at 2–5.

Accordingly, Petitioner's sixth amendment claim has not reached a final resolution in the state courts, nor has it been submitted for a full round of state court review. Because Petitioner has not shown that he exhausted available state remedies with respect to his sixth amendment claim, ground three of his amended petition should be dismissed without prejudice for failure to exhaust available state remedies.

**E.      Speedy Trial Claim (Ground Four)**

In his fourth and final ground for relief, Petitioner alleges that continuances granted over his objections resulted in a violation of his right to a speedy trial. Dkt. 15 at 7.

Washington law provides procedures through which a criminal defendant may seek review of alleged speedy-trial violations, including by filing a motion to dismiss in the trial court and subsequent review through available state appellate procedures. *See State v. Iniguez*, 167 Wash. 2d 273, 280, 217 P.3d 768, 771 (2009) (performing discretionary review following reversal of conviction on direct appeal based on speedy trial violations); *State v. Hall*, 199 Wash. App. 1041 (2017) (reviewing speedy trial claim on direct appeal and affirming trial court's denial of a motion to dismiss on those grounds).

The trial court initially set trial for January 26, 2026. Dkt. 35-10. On January 15, 2026, the trial court granted a motion to continue and reset trial for March 2, 2026, noting Petitioner's objection. Dkt. 35-11. On February 19, 2026, the trial court again found good cause to continue trial and reset trial for March 16, 2026, again noting Petitioner's objection. Dkt. 35-12. Thereafter, following the withdrawal of Petitioner's counsel and appointment of new counsel, the parties agreed to a further continuance, and trial was again reset for May 4, 2026. Dkt. 35-13.

Although Petitioner objected to the continuance of trial, Petitioner has not sought review of a speedy trial claim on a motion to dismiss filed with the trial court, nor has he sought appellate review of such a claim. *See* Dkt. 15 at 2–5, 7. Thus, Petitioner has not provided the state courts with a full opportunity to review his speedy-trial claim. Trial court proceedings are ongoing, and Petitioner has not shown that avenues for relief are unavailable to him within those or additional appellate proceedings. Petitioner has also not shown that other special circumstances exist such that federal intervention in his state court prosecution is required at this time.

Because Petitioner has not shown that he exhausted available state remedies with respect to his speedy-trial claim, this fourth and final ground of the amended petition should be dismissed without prejudice for failure to exhaust available state court remedies.

## IV.    Petitioner's Remaining Motions (Dkts. 30, 31, 37, 44)

Remaining for consideration by the Court are motions filed by Petitioner while briefing on the amended petition was ongoing, including his motion for preliminary injunction, Dkt. 30, his motion to address bond, Dkt. 31, his motion styled as a request for a TRO, Dkt. 37, and his motion for reconsideration. Dkt. 44. Respondents argue that Petitioner has not demonstrated preliminary injunctive relief is warranted and argue further that *Younger* abstention is required in this case. Dkt. 42.

The same standards govern requests for preliminary injunctive relief and TROs. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Preliminary relief is "an extraordinary remedy that may only be

REPORT AND RECOMMENDATION - 12

awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (stating that preliminary injunctions are to be used sparingly).

Generally, a petitioner seeking a preliminary injunction "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The first factor is "the most important," and failure to show likelihood of success on the merits is dispositive without consideration of the remaining factors. *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015).

Furthermore, a federal court's power to enjoin ongoing state court proceedings is limited by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

REPORT AND RECOMMENDATION - 13

Because all four grounds raised in the amended petition are unexhausted, Petitioner has not shown a likelihood of success on the merits, which is a threshold requirement for his requests for preliminary injunctive relief.

The Court also finds that all the criteria for *Younger* abstention are satisfied here First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, Petitioner has failed to show he has been denied an adequate opportunity to address the alleged constitutional violations in his state court proceedings. Fourth, Petitioner requests court orders to enjoin, or orders which would have the practical effect of enjoining, his state-court proceedings. Finally, Petitioner has not shown bad faith, harassment, or some other extraordinary circumstance making federal abstention inappropriate in his case. Although Petitioner urges the Court to consider his inability to see his infant son while in pretrial detention, this attendant consequence of his ongoing prosecution is not an extraordinary circumstance warranting federal intervention. *See Younger*, 401 U.S. at 46 (noting that "the cost, anxiety, and inconvenience" of a criminal prosecution do not warrant federal intervention in ongoing state court proceedings).

As such, Petitioner's motion styled as a request for a TRO (Dkt. 37) and his motion for a preliminary injunction (Dkt. 30) should be denied. Furthermore, to the extent it is intended as a supplement to his motion for preliminary injunction, Petitioner's motion for reconsideration (Dkt. 44) should be denied.

Finally, Petitioner's motion to address bond is functionally equivalent to a request for this Court to enjoin his ongoing state court proceedings and order his release without bond. Thus,

REPORT AND RECOMMENDATION - 14

Petitioner's bond motion (Dkt. 31) should be denied for the same reasons as his amended petition and his aforementioned motions seeking preliminary injunctive relief.

**V.      Conclusion**

For the reasons stated, the Court recommends the amended petition (Dkt. 15) be denied without prejudice for failure to exhaust. It is further recommended that Petitioner's motions for preliminary injunction (Dkt. 30), to address bond (Dkt. 31), for temporary restraining order (Dkt. 37), for default judgment (Dkt. 38), to strike (Dkt. 43), for reconsideration (Dkt. 44), and for sanctions (Dkt. 45) be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 2, 2026**.

Dated this 10th day of June, 2026.

_____
David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15